UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PHILIP LANGHORNE,

        Plaintiff,

  v.

LEGAL PREVENTION SERVICES, LLC,

        Defendant.

Case No.:

**COMPLAINT AND DEMAND FOR JURY TRIAL**

(Unlawful Debt Collection Practices)

## COMPLAINT

PHILIP LANGHORNE ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against LEGAL PREVENTION SERVICES, LLC ("Defendant"):

### INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C. § 1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States.

3. Defendant's principal place of business is in the State of New York, therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(1) and 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Quinton, Virginia 23141.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a corporation with its principal place of business located at 408 Quaker Road, Unit # 118, East Aurora, New York 14052, and an additional office located at 485 Cayuga Road # 402, Cheektowaga, New York 14225.

8. Upon information and belief, Defendant is a corporation that provides call center, collections, insurance and debt purchase services to companies in the United States.

9. At all times material hereto, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692(a)(6), and attempted to collect a "debt" as defined by 15 U.S.C. § 1692(a)(5).

10. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

11. At all times material hereto, Defendant contacted Plaintiff in an attempt to collect a consumer debt.

12. Upon information provided and belief, the alleged debt arose out of transactions that were for personal, family, or household purposes, as Plaintiff does not have any business debt.

13. Beginning on or around March 2014, continuing through April 2014, Defendant's collectors placed repeated harassing telephone calls to Plaintiff's work telephone number in order to collect the alleged debt.

14. Defendant's collectors' harassing calls originated from numbers including, but not limited to (866) 549-3728. The undersigned has confirmed that these numbers belong to Defendant.

15. Defendant's collectors regularly placed numerous calls to Plaintiff's place of employment.

16. At all relevant times, Plaintiff advised Defendant that he was not permitted to receive its collection calls at his place of employment. Accordingly, Plaintiff demanded that Defendant stop calling his workplace.

17. Despite Plaintiff's request not to be contacted at work, Defendant's calls persisted.

18. Once Defendant was aware that its calls to Plaintiff's place of employment are not permitted by Plaintiff's employer there was no legitimate reason for additional calls, other than for the purposes of harassment and abuse.

19. Further, on at least one occasion, Defendant's collector, who identified himself as Derek, spoke with the receptionist at Plaintiff's workplace and made several deceptive and threatening statements.

20. Specifically, Defendant's collector told the receptionist that he was with the Henrico County Department, that some legal documents needed to be signed by Plaintiff, and that he needed the documents before going to the courthouse.

21. The receptionist advised that Plaintiff was not available to speak with Defendant's collector. In response, Defendant's collector demanded to speak with Plaintiff's supervisor or someone in the human resources department.

22. Upon information and belief, Defendant's collector was not with the Henrico County Department and he did not have legal documents requiring Plaintiff's signature. Instead, Defendant's collector made such misrepresentations for the purpose of deceiving Plaintiff into believing that he was being sued by Defendant.

23. Further, upon information and belief, Defendant's collector made the false representations to the receptionist at Plaintiff's workplace in order to cause harm to Plaintiff's reputation.

24. Defendant's collectors also represented to Plaintiff that he was obligated to pay all potential court fees incurred by Defendant if it sued him. Based on this false representation, Defendant told Plaintiff that he should pay the debt at a reduced settlement amount to avoid paying Defendant's court fees at later time.

25. Confused and scared, Plaintiff agreed to pay the alleged debt at a reduced settlement amount.

26. Accordingly, Plaintiff made four payments of $500.00, $424.40, $424.40, and $212.20 for a total of $1,561.00, which Defendant had indicated would satisfy the alleged debt.

27. However, despite Plaintiff's payment of the reduced settlement amount, Defendant's collectors continued placing collection calls to Plaintiff's place of employment seeking to collect additional payments.

28. Defendant's actions as described herein were taken with the intent to abuse, harass, and deceive Plaintiff.

## COUNT I
## DEFENDANT VIOLATED § 1692c(a)(1) OF THE FDCPA

29. A debt collector violates § 1692c(a)(1) by communicating with a consumer in connection with the collection of any debt at the consumer's place of employment if the debt collector knows or has reason to know that the consumer's employer prohibits the consumer from receiving such communication.

30. Defendant violated § 1692c(a)(1) when it repeatedly called Plaintiff's place of employment despite having knowledge that its calls were not permitted.

## COUNT II
## DEFENDANT VIOLATED § 1692c(b) OF THE FDCPA

31. A debt collector violates § 1692c(b) by communicating, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a postjudgment judicial remedy.

32. Defendant violated § 1692c(b) when it communicated with the receptionist at Plaintiff's place of employment in connection with the collection of the debt alleged to be owed by Plaintiff.

## COUNT III
## **DEFENDANT VIOLATED § 1692d OF THE FDCPA**

33. A debt collector violates § 1692d by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

34. Defendant violated § 1692d when it placed repeated harassing telephone calls to Plaintiff's work telephone; when it continued to call Plaintiff at his place of employment after being advised that such calls were not permitted by Plaintiff's employer; when it misrepresented the nature and purpose of its calls; when it implied that Plaintiff was being sued; when it misled Plaintiff into the belief that he would have to pay its court fees if he did not pay the reduced settlement amount; when it continued to attempt to collect the alleged debt from Plaintiff after Plaintiff paid the reduced settlement amount that Defendant had offered.

## COUNT IV
## **DEFENDANT VIOLATED § 1692d(5) OF THE FDCPA**

35. A debt collector violates § 1692d(5) by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

36. Defendant violated § 1692d(5) when it placed repeated harassing telephone calls to Plaintiff's work telephone with intent to annoy, abuse, or harass.

**COUNT V**
**DEFENDANT VIOLATED §§ 1692e AND 1692e(10) OF FDCPA**

37. A debt collector violates § 1692e by using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

38. A debt collector violates § 1692e(10) by use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

39. Defendant violated §§ 1692e and 1692e(10) when it misrepresented the nature and purpose of its collection calls; when it implied that Plaintiff was being sued although no legal action was being filed against Plaintiff by Defendant; and, when it misled Plaintiff into the belief that he would have to pay its court fees if he did not pay the reduced settlement amount.

**COUNT VI**
**DEFENDANT VIOLATED § 1692e(13) OF FDCPA**

40. A debt collector violates § 1692e(13) by falsely representing or implying that documents are legal process.

41. Defendant violated § 1692e(13) when it falsely represented and implied that it had legal documents that Plaintiff had to sign before it went to the courthouse.

**COUNT VII**
**DEFENDANT VIOLATED § 1692f OF THE FDCPA**

42. A debt collector violates § 1692f by using unfair or unconscionable means to collect or attempt to collect any debt.

43. Defendant violated § 1692f when it harassed Plaintiff at his workplace; when it intentionally sought to damage Plaintiff's reputation at his place of employment; and, generally, when it used unfair and unconscionable means to collect the alleged debt.

**COUNT VIII**
**DEFENDANT VIOLATED § 1692f(1) OF THE FDCPA**

44. A debt collector violates § 1692f(1) by attempting to collect any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

45. Defendant violated § 1692f(1) when it attempting to collect debt after Plaintiff paid the reduced settlement amount, which satisfied the debt.

WHEREFORE, Plaintiff, PHILIP LANGHORNE, respectfully prays for judgment as follows:

a. All actual damages suffered pursuant to 15 U.S.C. § 1692k(a)(1);

b. Statutory damages of $1,000.00 for the violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs, pursuant to 15 U.S.C. § 1693k(a)(3);

d. Any other relief deemed fair and proper by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, PHILIP LANGHORNE, demands a jury trial in this case.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated: February 6, 2015 | By: /s/ Craig Thor Kimmel |
|  | Craig Thor Kimmel, Esquire |
|  | Attorney ID # 2790038 |
|  | Attorney for Plaintiff |
|  | Kimmel & Silverman, P.C. |
|  | 1207 Delaware Avenue, Suite 440 |
|  | Buffalo, NY 14209 |
|  | Phone: (716) 332-6112 |
|  | Facsimile: (877) 788-2864 |
|  | Email: kimmel@creditlaw.com |

PLAINTIFF'S COMPLAINT